JOHN N. TODD *vs.* CHARLES H. RICH and W. K. MILLER.

October Term, 1874.

RECEIVER—PARTNERSHIP—ONE PARTNER.—Upon a bill filed by one of three partners for a dissolution of the partnership and the appointment of a receiver, if the defendants, who own three-fourths of the partnership, agree upon the partner having the largest interest to act as receiver, and he is willing to act without compensation, and the firm creditors concur in asking his appointment, the court will appoint such partner the receiver unless the bill disclose a sufficient reason why he should not be appointed.

*N. D. Malone,* for complainant.
*D. F. Wilkin,* for defendant.

THE CHANCELLOR :—This case comes before me at chambers, upon the application of the complainant for the appointment of a receiver, on a bill filed for the dissolution of a partnership, between him and the defendants, for the manufacture and sale of furniture.

The defendant Rich and one Christian Kreig, being equal partners in the business, the complainant and the defendant Miller bought from Kreig his half interest therein on the —— day of December, 1872. A new partnership was thereupon entered into between these purchasers and Rich, without any written articles of partnership, or any limitation of time of continuance. In this new partnership Rich owned the one-half interest, and each of the other partners a one-fourth interest. The bill does not state the terms of the partnership, further than that the complainant and defendant Rich were each to receive $1,000 per annum as a salary, and defendant Miller $500.

It is obvious that upon such a partnership each partner had the right to terminate the partnership whenever he saw proper, and it was not necessary to come into a court of chancery for the purpose. The voluntary withdrawal of a member, by notice, necessarily worked a dissolution.

The complainant has a right, however, upon a dissolution, or upon showing good ground for a dissolution, even if that ground consists only of his mere will, to come into this court to have the partnership business settled up, and, to this end, to have a receiver appointed, upon sufficient cause shown. But it is not a matter of course to appoint a receiver of the partnership assets, even where a case for a dissolution exists. The very basis of a partnership contract being the mutual confidence reposed in each other, the court will not appoint a receiver in a suit between the members of the firm unless some special ground for its interference be established. *Harding* v. *Glover*, 18 Ves. 284; *Cox* v. *Peters*, 2 Beas. Ch. 41; *Renton* v. *Chaplain*, 1 Stock. Ch. 70. But the fact that they have lost confidence in each other, and neither is willing to trust the other, is a sufficient ground. *Williamson* v. *Wilson*, 1 Bland, 418.

In this case the bill alleges such want of confidence in the defendant Rich, and the answer of the defendants implies a similar want of confidence in the complainant. But, if there were any doubt on the point, the parties have solved it by agreeing that a receiver may be appointed. The only difference between them is as to the person who shall be receiver. The complainant insists upon an indifferent third person, while the defendants, with whom the large creditors of the firm join, ask for the appointment of the defendant Rich, who has much the largest interest in the firm assets as partner, and also seems to be the largest creditor for money loaned to the firm.

The general rule undoubtedly is that a receiver should be a person wholly disinterested in the subject-matter of the suit. But the rule is not without exceptions, and the exceptions seem to be more numerous in the case of part-

nership than in any other class of cases. *Wilson* v. *Green-wood*, 1 Swans. 481; *Hoffman* v. *Duncan*, 18 Jur. 69; *Slemmer's Appeal*, 58 Penn. St. 168; *Gowan* v. *Jeffries*, 2 Ashm. 304. The reason is obvious. A valuable business may have grown up by the joint labors of the partners which would be ruthlessly destroyed by the appointment of a. receiver, without benefiting either party. The courts have, therefore, been inclined, where there has been no actual misconduct, to appoint as receiver the managing partner ( *Wilson* v. *Greenwood*, 1 Swans. 471), or the partners most interested. *Hoffman* v. *Duncan*, 18 Jur. 69.

The bill in this case itself shows that the defendant Rich is the most largely interested in the firm assets, being the owner of the one-half. The answer claims that Rich is also one of the largest creditors, if not the largest. The bill does not show how the details of the business were to be managed between or by the partners. The equality of salary between the complainant and Rich implies equality of control. But. the answer claims that the management of the business was. principally intrusted to Rich, who certainly has been the longest in the business. The other partner, moreover, who has an equal interest with the complainant, is anxious that the receivership should be intrusted to Rich. The principal creditors of the firm join in this application, and fully endorse the character and qualifications of Rich. Unless, therefore, the bill discloses some strong ground against the appointment, it seems just that the wishes of those most largely interested should prevail over the wish of the complainant. That wish, without such ground, would be the dictate of mere whim or passion.

The bill does not charge the defendants with actual misconduct in the partnership business, in wasting, or misappropriating the partnership assets. What it does allege, in substance, is that the defendant Rich has managed the business in his own way, not only without the advice of the other partners, but without even notifying them, and in many important matters he has acted directly against the

urgent advice of the partners. It is further charged that he continued to use the factory, at heavy expense, with a large stock on hand, and no funds with which to pay hands, and has been compelled to procure money to meet expenses by discount of the firm paper at ruinous rates. It is obvious that these facts merely show a difference of opinion between the partners as to the best mode of conducting the business, but does not import bad faith, or even bad judgment, on the part of Rich. For aught that appears, the course pursued by him was the best for all concerned, and it seems to have been finally approved by his co-defendant. The fact that Rich was guilty of conduct not calculated to promote harmony among the partners, and which tended to make the association between him and complainant exceedingly unpleasant, while affording ground for a dissolution, can hardly be held to impeach the character or capacity of the defendant.

Upon a careful examination of this case I can see nothing in the bill which justifies the court in taking the firm property entirely away from the partners owning the three-fourths interest in the business, if those partners agree upon one of them as a receiver, who is otherwise well qualified for the position, and if the partner thus selected is willing to accept the position on the terms always imposed in such cases. One of these terms is that a party to the suit will only be appointed receiver on his undertaking to act without compensation. *Wilson* v. *Greenwood*, 1 Swans. 471; *Blacheny* v. *Dufaur*, 15 Beav. 40, 44; *Powys* v. *Blagrave*, 18 Jur. 69; *Brien* v. *Harriman*, 1 Tenn. Ch. 468. The other is that he give sufficient security for the due management of the business, the faithful performance of his duties, and to account for moneys received by him. The defendant Rich, through his counsel, expresses his willingness to give a bond in the sum of $25,000, which is clearly sufficient, the complainant being entitled to have the funds, as fast as realized, applied to the payment of debts, or into court.